# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KAYLIN HEIER,

    Plaintiff,

v.

MEADOWS FAMILY MEDICAL CENTER, INC., a Colorado Corporation; and ROCKY MOUNTAIN SENIOR CARE NC PC, a Colorado Corporation,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff, through undersigned counsel, Gregory A. Hall, submits her Complaint and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff, Kaylin Heier, is a resident of Douglas County, Colorado.

2. Defendant Meadows Family Medical Center, Inc. is a Colorado Corporation with its principal place of business at 5920 McIntyre Street, Suite 101, Golden, Jefferson County, Colorado, 80403.

3. L. Elane Shirar, M.D. incorporated Meadow Alternatives Family Practice, Inc. and in 2007 this entity became known as Meadows Family Medical Center, Inc.

4. In September 2012 Defendant Meadows Family Medical Center, Inc. ("Meadows Family Medical Center") registered the trade name "Rocky Mountain Senior Care".

5. Defendant Meadows Family Center does business as Rocky Mountain Senior Care.

6. Defendant Meadows Family Medical Center employed or jointly Plaintiff as a triage nurse from approximately February 2015 through May 2016.

7. Defendant Rocky Mountain Senior Care NC PC ("Rocky Mountain Senior Care") is a Colorado Corporation with its principal place of business at 5920 McIntyre Street, Suite 101, Golden, Jefferson County, Colorado, 80403.

8. Defendant Rocky Mountain Senior Care employed or jointly employed Plaintiff as a triage nurse from February 2015 through May 2016.

9. According to Defendant Rocky Mountain Senior Care's website, L. Elane Shirar is its founder and medical director: http://www.rockymtnseniorcare.com/about.

10. L. Elane Shirar owns or is a principal of Defendant Meadows Family Medical Center.

11. L. Elane Shirar owns or is a principal of Defendant Rocky Mountain Senior Care.

12. Hereinafter a reference to Defendants is a reference to Meadows Family Medical Center and Rocky Mountain Senior Care.

13. L. Elane Shirar is the registered agent for service of process for both corporate Defendants: Meadows Family Medical Center, Inc. and Rocky Mountain Senior Care.

14. Defendant Rocky Mountain Senior Care controlled the terms and conditions of Plaintiff's employment as a triage nurse.

15. On April 8, 2016 Defendant Rocky Mountain Senior Care issued Plaintiff a payroll check in the amount of $1,333.26.

16. From February 2015 to May 2016 Defendant Meadows Family Medical Center issued Plaintiff payroll checks and other pay related documents for her work as a triage nurse for the joint employers.

17. Defendant Meadows Family Medical Center is a shell corporation.

18. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Colorado Wage Claim Act, ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*

19. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to Plaintiff's claims occurred in the District of Colorado and the Defendants are headquartered, conduct substantial business and reside in the State of Colorado.

20. Jurisdiction is conferred upon this court 28 U.S.C. § 1331 as this case arises under the laws of the United States, namely the FLSA, 29 U.S.C. § 203(e)(1).

21. Plaintiff requests that the Court exercise supplement jurisdiction over her claims under Colorado law, pursuant to 28 U.S.C. § 1367.

## ALLEGATIONS RELEVANT TO ALL CLAIMS

22. Plaintiff re-alleges and incorporates by reference all previous allegations.

23. Plaintiff is a licensed practical nurse.

24. In February 2015 Defendant Meadows Family Medical Center, doing business as Rocky Mountain Senior Care, hired Plaintiff as a triage nurse.

25. As a triage nurse, Plaintiff provided her labor for the benefit of Defendant Meadows Family Medical Center.

26. Defendant Meadows Family Medical Center scheduled the hours Plaintiff worked as a triage nurse.

27. Defendant Meadows Family Medical Center commanded when, where, and how much labor Plaintiff performed as a triage nurse.

28. As a triage nurse, Plaintiff provided her labor for the benefit of Defendant Meadows Family Medical Center.

29. In February 2015 Defendant Rocky Mountain Senior Care hired Plaintiff as a triage

3

nurse.

30. Defendant Rocky Mountain Senior Care scheduled the hours Plaintiff worked as a triage nurse.

31. Defendant Rocky Mountain Senior commanded when, where, and how much labor Plaintiff performed as a triage nurse.

32. As a triage nurse, Plaintiff provided her labor for the benefit of Defendant Rocky Mountain Senior Care.

33. Plaintiff's job performance as a triage nurse was satisfactory at all times during her employment with Defendants.

34. Plaintiff was at all times relevant to the events alleged in this Complaint an employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

35. Plaintiff was at all times relevant to the events alleged in this Complaint an employee as defined in the CWCA, Colo. Rev. Stat. §8-4-101(5).

36. Defendant Meadows Family Center is a self-described medical provider group.

37. Defendant Meadows Family Medical Center has more than two employees.

38. Defendant Meadows Family Medical Center's business includes the provision of health care services to assisted living facilities.

39. Defendant Meadows Family Medical Center has an annual dollar volume of sales or business done of at least $500,000.

40. The work performed by employees of Defendant Meadows Family Medical Center involves interstate commerce.

41. Defendant Meadows Family Medical Center was Plaintiff's "employer" within the meaning of Section 3 of the FLSA, 29 U.S.C. 203(d).

4

42. Defendant Meadows Family Medical Center is an "employer" as defined in the CWCA, Colo. Rev. Stat. §8-4-101(6).

43. Defendant Rocky Mountain Senior Care's website states that it utilizes a mobile health team consisting of many highly trained and experienced medical professionals, including RNs providing triage, Physicians Assistants (PAs), Nurse Practitioners (NPs) and Board Certified Medical Doctors (MDs): http://www.rockymtnseniorcare.com/how-the-team-works/.

44. Defendant Rocky Mountain Senior Care has more than two employees (http://www.rockymtnseniorcare.com/meet-the-team).

45. Defendant Rocky Mountain Senior Care's business includes the provision of health care services to assisted living facilities.

46. Defendant Rocky Mountain Senior Care has an annual dollar volume of sales or business done of at least $500,000.

47. The work performed by employees of Defendant Rocky Mountain Senior Care involves interstate commerce.

48. Defendant Rocky Mountain Senior Care was Plaintiff's "employer" within the meaning of Section 3 of the FLSA, 29 U.S.C. 203(d).

49. Defendant Rocky Mountain Senior Care is an "employer" as defined in the CWCA, Colo. Rev. Stat. §8-4-101(6).

50. Defendants Rocky Mountain Senior Care and Meadows Family Medical Center are joint employers as that term is defined for the purposes of the FLSA.

51. As a triage nurse, Plaintiff was regularly required to remain "on-call" during her shift to respond to telephone inquiries from clients of Defendant Rocky Mountain Senior Care.

52. As a triage nurse Plaintiff regularly worked hours in excess of 40 per workweek for

Defendants.

53. As a triage nurse Plaintiff regularly worked hours in excess of 40 per workweek for Defendant Meadows Family Medical Center.

54. As a triage nurse Plaintiff regularly worked hours in excess of 40 per workweek for Defendant Rocky Mountain Senior Care.

55. As a triage nurse Plaintiff regularly worked more than twelve hours a day for Defendant Meadows Family Medical Center.

56. As a triage nurse Plaintiff regularly worked more than twelve hours a day for Defendant Rocky Mountain Senior Care.

57. As a triage nurse Plaintiff regularly worked more than twelve hours consecutively for Defendant Meadows Family Medical Center.

58. As a triage nurse Plaintiff regularly worked more than twelve hours consecutively for Defendant Rocky Mountain Senior Care.

59. In May 2016 Plaintiff's rate of pay was approximately $23.00 per hour.

60. By way of example, for the week of January 9, 2016, Plaintiff worked approximately 23.5 hours of overtime.

61. Defendant Meadows Family Medical Center did not pay Plaintiff overtime pay for any of the overtime hours she worked during her employ with Defendants.

62. Defendant Rocky Mountain Senior Care did not pay Plaintiff overtime pay for any of the overtime hours she worked during her employ with Defendants.

63. Plaintiff asserts claims for earned and unpaid overtime wages and penalties pursuant to the FLSA 29 U.S.C. §§ 201 *et seq.* and the CWCA, Colo. Rev. Stat. §8-4-101, *et seq.*

64. As a triage nurse Plaintiff was not exempt from the provisions of the FLSA requiring

employers to pay overtime pay to employees who work overtime hours.

65. As a triage nurse Plaintiff was not exempt from the provisions of the CWCA requiring employers to pay overtime pay to employees who work overtime hours.

66. Defendants violated the FLSA and the CWCA by not paying Plaintiff one-and-one-half times her regular rate of pay for each hour she worked beyond forty in a given workweek, or beyond twelve in a day or consecutively.

67. Defendants' violations of the FLSA and the CWCA were willful and deliberate.

68. Plaintiff seeks compensation for Defendants' violations of the FLSA and the CWCA.

69. Pursuant to Colo. Rev. Stat. §8-4-109 Plaintiff sent Defendant Rocky Mountain Senior Care a written demand for payment of wages and compensation for overtime pay on November 14, 2016.

## FIRST CLAIM FOR RELIEF
## VIOLATION of FLSA

70. Plaintiff re-alleges and incorporates by reference all previous allegations.

71. At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. § 203(e)(1).

72. At all times relevant hereto, Defendants were an "employer" within the meaning of 29 U.S.C. § 203(d).

73. During the course of her employment with Defendants, Plaintiff worked hundreds of hours of overtime for which she did not receive overtime pay.

74. Plaintiff was regularly required to remain "on-call" during her shift.

75. Plaintiff regularly worked hours in excess of 40 per week.

76. Plaintiff regularly worked more than twelve hours in a day for Defendants.

77. Plaintiff regularly worked more than twelve hours consecutively for Defendants.

78. Defendants did not pay Plaintiff for any of the overtime hours she worked.

79. Defendants knew that Plaintiff was entitled to overtime pay.

80. Defendants' failure to pay Plaintiff the overtime pay she was owed was willful and deliberate.

81. Plaintiff seeks to recover the amount due for overtime compensation, interest in the highest lawful amount, liquidated damages, attorney's fees, costs, expert fees and all other damages to which she is lawfully entitled.

**SECOND CLAIM FOR RELIEF**
**Breach of Colorado Overtime Law**
**Colo. Rev. Stat. §8-4-101, et seq.**

82. Plaintiff re-alleges and incorporates by reference all previous allegations.

83. At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by Colo. Rev. Stat. §8-4-101(5).

84. At all times relevant hereto, Defendant Rocky Mountain Senior Care was an "employer" within the meaning of Colo. Rev. Stat. §8-4-101(6).

85. At all times relevant hereto, Defendant Meadows Family Medical Center was an "employer" within the meaning of Colo. Rev. Stat. §8-4-101(6).

86. Pursuant to the Colorado Wage Claim Act, Colo. Rev. Stat. §8-4-101, *et seq.*, Plaintiff is entitled to recover all unpaid wages and compensation.

87. Plaintiff was regularly required to remain "on-call" during her shift.

88. Plaintiff regularly worked hours in excess of 40 per week.

89. Plaintiff regularly worked more than twelve hours in a day for Defendants.

90. Plaintiff regularly worked more than twelve hours consecutively for Defendants.

91. Defendants did not pay Plaintiff for any of the overtime hours she worked.

92. Defendants knew that Plaintiff was entitled to overtime pay.

93. Defendants' failure to pay Plaintiff the overtime pay she was owed was willful and deliberate.

94. Plaintiff seeks to recover the amount due for overtime compensation, interest in the highest lawful amount, attorney's fees, costs, expert fees and all other damages to which she is lawfully entitled. Plaintiff is also entitled to penalties as set forth in the CWCA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Kaylin Heier hereby respectfully requests that this Court enter judgment in her favor and against , Defendant Meadows Family Medical Center and Defendant Rocky Mountain Senior Care and award all relief allowed by law including, but not limited to:

a) unpaid overtime wages pursuant to the FLSA and the CWCA;

b) liquidated damages and/or penalties in the maximum amount permitted by the FLSA, the CWCA, and other applicable law;

c) reasonable attorney's fees and costs of suit in the maximum amount permitted by the FLSA, the CWCA, and other applicable law;

d) pre-judgment and post-judgment interest at the highest lawful rate; and

e) such other and further relief in law or equity that justice allows.

## PLAINTIFF REQUESTS A JURY TRIAL

Dated: February 28, 2017      Respectfully Submitted,

**LAW OFFICE OF GREGORY A. HALL**

*/s/Gregory A. Hall*
Gregory A. Hall, Esq.
3570 E. 12th Avenue, Suite 200
Denver, CO 80206
(303) 320-0584
gregory@federallaw.com
COUNSEL FOR PLAINTIFF